**Brian K. Stanley**
State Bar No. 004619
*Attorney & Counselor at Law*
1938 East Osborn Road
Phoenix, Arizona 85016-7234
(602) 956-9201
court@brianstanleylaw.com

Attorney for Defendants

# In the United States District Court
## For the District of Arizona

| | |
|---|---|
| Lasalle Investments, LLC, an Arizona limited liability company, | No. _____ |
| Plaintiff, | |
| v. | |
| In re: the Estate of Michael Gordon Lindsay, Decedent; Michael Gordon Lindsay and Debora Lindsay, husband and wife; ABC Corporations I-X; XYZ Partnerships I-X; DEF Limited Liability Companies I-X, | Pima County Superior Court Case No. C20215653 |
| Defendants. | NOTICE OF REMOVAL |

DEFENDANTS Debora Lindsay as Executrix of the Estate of Michael Gordon Lindsay, Deceased, and Debora Lindsay hereby give notice of the removal of the above-entitled action from the Superior Court of the State of Arizona in and for the County of Pima, to the United States District Court for the District of Arizona, Tucson Division.

**DEFENDANTS' ENTITLEMENT TO TO REMOVE AACTION**

**1. Facts**

Decedent Michael Gordon Lindsay was a citizen of North Carolina at the time of his death and a domiciliary probate proceeding for the administration of his intestate estate is pending in a North Carolina court. The executrix appointed therein, Debora Lindsay, is a citizen of North Carolina. The designation of "In re: the Estate of Michael Gordon Lindsay,

Decedent" as a Defendant in Plaintiff's Complaint is a misnomer; said Defendant should be identified as "Debora Lindsay, as Executrix of the Estate of Michael Gordon Lindsay, Deceased" or as "Michael Gordon Lindsay's Executrix."

The Plaintiff company is organized under the laws of and has its principal place of business in Arizona.

Defendants verily believe that the actual amount in controversy exceeds $75,000.00.

**2. Law**

28 U.S. Code § 1332.

DATED: March 25, 2022.

                                      Law Office of Brian K. Stanley, PLLC

                                      By:    /s/Brian K. Stanley
                                                Brian K. Stanley,
                                                (SBN 004619)
                                          *Attorney for Defendants*

I CERTIFY that a true copy of the foregoing was served upon the following, by mailing and emailing, on March 25, 2022:

| | |
|---|---|
| Joseph H. Watson, Esq.<br>109 E. Speedway Blvd.<br>Tucson, Arizona  85705-7763<br>jhwatson2626@gmail.com<br>*Attorney for Plaintiff* | Clerk, Pima County Superior Court<br>110 W. Congress<br>Ticson, AZ  85701<br>(mail + e-filing via TurboCourt) |

By:   /s/Molly S. Powell
         Molly S. Powell
         *Assistant to Mr. Stanley*

# Appendix: Relevant Statutory Provisions

### 28 U.S.C. § 1332

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1) citizens of different States;

(c) For the purposes of this section and section 1441 of this title—

    (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …

    (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

### 28 U.S.C. § 1441

(a) Generally. –

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(c) Joinder of Federal Law Claims and State Law Claims. –

    (1) If a civil action includes –

        (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

        (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

    the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(f) Derivative Removal Jurisdiction. –

The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C. § 1446

(a)   Generally. –

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b)   Requirements; Generally. –

(3)   … [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(d)   Notice to Adverse Parties and State Court. –

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.