**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lasalle Investments LLC, | No. CV-22-00148-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Estate of Michael Gordon Lindsay, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Lasalle Investments LLC's Motion to Remand to State Court. (Doc. 5.) This matter is fully briefed. (Docs. 5, 7–8.)

**I.     Factual and Procedural History**

On December 1, 2021, Plaintiff filed a Complaint in Pima County Superior Court against Michael Gordon Lindsay ("Decedent"), Debora Lindsay, and the Estate of Michael Gordon Lindsay. (Doc. 1-3 at 3.) Plaintiff alleged that Decedent's negligence resulted in the crash landing of Plaintiff's airplane in Arizona in August 2020. (*Id.*) Decedent died shortly after the incident in Tucson, Arizona, although it is not alleged that his death was related to the crash. (*Id.* at 4.) The Complaint states, "Michael Gordon Lindsay, Decedent, and Defendant herein, was married to Debora Lindsay. Defendants, Mr. and Mrs. Lindsay, were residents of North Carolina at the time of the accident occurring in Cochise County Airport, Arizona." (*Id.*)

On March 28, 2022, Defendants Debora Lindsay, Michael Gordon Lindsay, and the Estate of Michael Gordon Lindsay removed this action to federal court. (Doc. 1.) Plaintiff

filed a Motion to Remand on April 19, 2022 arguing that this Court lacks subject matter jurisdiction to hear the case because there is not complete diversity between the parties. (Doc. 5.) Specifically, Plaintiff argues Decedent was a citizen of Arizona at the time of his death, which thereby defeats diversity because Plaintiff is also a citizen of Arizona as an Arizona corporation. (*Id.*)

In the Motion to Remand, Plaintiff states that, at the time of his death, Decedent was "a resident" of Cochise County and was issued an Arizona driver's license reflecting this residence. (*Id.* at 1.) According to Plaintiff, Decedent had also expressed his intent to remain in Arizona and not return to North Carolina, despite his wife living in North Carolina. (*Id.* at 4.) Plaintiff provides the affidavit of Yolanda Noriega, who vows to have known Decedent for fifteen years prior to his death, and who states that Decedent "expressed to [Noriega] on numerous occasions over the five years prior to his death that he did not plan to return to North Carolina and that he was a resident and would not move from the State of Arizona." (*Id.* at 7.) Noriega further avows that Decedent held himself out to be "a citizen" of Arizona and confirmed that Decedent used an Arizona driver's license for at least three years before he died. (*Id.*)

Defendants respond that, according to Plaintiff's Complaint, Decedent "was a resident of North Carolina at the time of the incident out of which Plaintiff's claim arises." (Doc. 7 at 1.) Thus, Decedent's North Carolina citizenship, according to Defendants, is supported by the pleadings. (*Id.*)

In reply, Plaintiff distinguishes citizenship from residency and argues that Plaintiff's Complaint never alleged that Decedent was a *citizen* of North Carolina. (Doc. 8 at 1.) In fact, the Complaint states, "Defendants, Mr. and Mrs. Lindsay, were residents of North Carolina at the time of the accident occurring in Cochise County Airport, Arizona." (Doc. 1-3 at 4.)

## II.     Standard of Review

The Court has diversity jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). A case may only be

removed to federal court where there is complete diversity such that the citizenship of each plaintiff is different from that of each defendant. *See id.*; *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

The relevant inquiry for diversity jurisdiction purposes is the state of citizenship. *Id.* "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." 28 U.S.C. § 1332(c)(1). An individual's state of citizenship is determined by their domicile, not merely their residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)).

Thus, a person's domicile is their place of permanent physical residence where that person resides with the *intent* to remain. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986); *see also Weible*, 244 F.2d at 163 ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

The party seeking removal bears the burden of establishing jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

### III.     Discussion

Here, the Court finds that Defendants have not established jurisdiction. Decedent is a named Defendant in this matter as is his estate. Therefore, it is Decedent's state of citizenship that is relevant to whether this Court has diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."); *Li Ching Chu v. Tribal Techs. Inc.*, 576 F. App'x 668, 669 (9th Cir. 2014); *Cunningham v. World Sav. Bank, FSB*, No. 3:07–cv–08033 JWS, 2007 WL 4181838, at *3 (D. Ariz. Nov. 21, 2007); *King v. Cessa Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of

the state in which she was domiciled at the time of her death."). Furthermore, all parties appear to agree that Decedent's state of citizenship is the relevant focus. (*See* Docs. 5, 7 (presenting argument as to whether Decedent was a citizen of Arizona or North Carolina).)

The Court finds that Decedent was a citizen of Arizona at the time of his death because he was domiciled in Arizona. It appears that Decedent lived at his residence in Arizona and was using a state driver's license reflecting that address for at least three years prior to his death. According to Noriega's sworn statement, Decedent had also long expressed his intent to remain in Arizona before he died at a hospital in Arizona. Defendants have not presented any argument or information to refute these facts. Defendants cannot carry their burden of establishing jurisdiction merely by relying on Plaintiff's statement that Decedent was a resident of North Carolina because residency is not equal to domicile or citizenship. Therefore, the Court will grant the motion to remand for lack of complete diversity among the parties.

### IV. Motion to Supplement

Plaintiff also moves to supplement the Motion to Remand. (Doc. 8 at 2.) Defendants did not respond to this motion, and the time for response has since passed. *See* LRCiv 7.2(c).

Plaintiff would like to supplement the Motion to Remand with the information that a plane owned by Decedent, unrelated to the accident that occurred in Cochise County, was sold by the executrix of the estate on March 16, 2022. (Doc. 8 at 2.) The initial inventory of the property in the pending Swain County, North Carolina probate proceedings was never amended. (*Id.*) Plaintiff asserts that the registration of the plane is relevant to both the Swain County probate proceedings and the action filed in Pima County Superior Court, which Defendants have removed to this Court. (*Id.* at 3.) According to Plaintiff, the failure to account for this plane, and any assets received in the sale of the plane, may require the state court complaint to be amended. (*Id.*)

Because the Court will remand this matter to Pima County Superior Court for lack of diversity, it will not consider whether information regarding the sale of Decedent's plane by his estate requires amendment of the Complaint.

V. **Conclusion**

For the reasons outlined above, the Court finds that there is not complete diversity of citizenship between Plaintiff and all Defendants. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. (Doc. 5.) This matter is remanded to Pima County Superior Court. The Clerk of Court shall close this case and docket accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement is **DENIED AS MOOT**. (Doc. 8.)

Dated this 27th day of June, 2022.

Honorable Raner C. Collins
Senior United States District Judge